|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : **UNITED STATES DISTRICT COURT** |
| **v.** | : **DISTRICT OF NEW JERSEY** |
| | : |
| **TIMOTHY WIMBUSH,** | : **Criminal No. 19-134 (FLW)** |
| | : |
| Defendant. | : **MEMORANDUM OPINION** |
| | : **AND ORDER** |
| | : |

      This matter comes before the Court on a Motion for Release on Bail by Defendant Timothy Wimbush, through his counsel of record, Megan J. Davies, Esq. ECFNo. 555. The United States Attorney opposes Defendant's application.  ECF no. 557.  Oral argument was conducted on November 18, 2020. Having considered the papers submitted and the argument of counsel, for the reasons stated below Defendant's application is DENIED.

      In a criminal complaint filed on October 24, 2018, Defendant was charged with conspiracy to distribute one kilogram or more of heroine in violation of 21 U.S.C. 846, possession with intent to distribute and/or distribution and possession with intent to distribute controlled dangerous substances in violation of 21 U.S.C. 841, and possession of a firearm by a convicted felon in violation of 18 U.S.C. 924 (c)(1)(A). ECF No. 1.  Subsequently, Defendant was indicted on these charges in a Third Superseding Indictment. ECF No. 452.

      This is Defendant's second application for release. At his initial appearance on October 26, 2018 Defendant consented to detention. ECF No. 143. Following a hearing on April 20, 2020, the Court denied Defendant's first application [ECF No. 478] based on its finding that Defendant had failed to rebut the presumption of detention and that no condition or combination of conditions of pretrial release could adequately ensure the safety of the community. ECF No. 488.  Consequently, Defendant has been detained since his arrest in September, 2018 and is currently housed in the Essex County Correctional Facility.

      This matter was originally scheduled for trial in April 2020. However, due to circumstances related to the global COVID-19 pandemic, no trial date is currently scheduled. See Third Amended Standing Order 2020-012 (COVID-19), filed December 17, 2020. ECF No. 565.

      Citing U.S. v. Roseto, 1995 WL 350815 (S.D.N.Y., June 9, 1995), Defendant argues that when a defendant seeks release following a period of detention, the Court must consider "(1) the length of the pretrial detention; (2) the extent to which the prosecution is responsible for the delay of the trial; and (3) the strength of the evidence upon which the pretrial detention was based." ECF No. 555 at 6.  In response, the Government argues that while "these are not irrelevant considerations", the Court must consider all of the factors set forth in the Bail Reform Act including (i) the nature and circumstances of the offense; (ii) the weight of the evidence; (iii) Defendant's "history and characteristics"; and (iv) danger to any person or the community. 18 U.S.C. 3142(g). There is no dispute that this is a case where the presumption of detention applies. 18 U.S.C. 3142 (e).

Considering first the length of Defendant's detention, while it has been over two years since he was arrested and first detained, this factor alone is not dispositive. The circumstances which have caused the delay of the trial of this case are not attributable to any party. Rather, the global health crisis has resulted in the postponement of all jury trials, criminal as well as civil, throughout the District and much of the country. The findings of the Court's Third Amended Standing Order 2020-012, filed December 17, 2020 are incorporated by reference. While the delay in resolving the charges against Defendant may, at some point, give rise to claims of due process violations, that is not the basis of the instant application.

With respect to the strength of the evidence supporting detention based on danger to the community (the Government has not argued any risk of flight), Defendant contends his current application contains "additional evidence" sufficient to meet his burden to overcome the presumption. Specifically, Defendant argues that the Government has failed to either charge him or produce any "compelling evidence" to support its assertion that he was responsible for a shooting several days prior to his arrest. ECF No. 555 at 10. In addition, Defendant has submitted "numerous letters from community members rebutting the presumption of dangerousness." Id.

As to any evidence relating to Defendant's alleged involvement in the shooting prior to his arrest, the Court finds such "evidence" unnecessary to its consideration of any danger to the community that Defendant's release might present. While, of course, Defendant is presumed innocent of the charges against him, when he was arrested on September 6, 2018 he was driving a vehicle that was registered in his name which was equipped with a secret compartment that contained four semi-automatic firearms, hundreds of rounds of ammunition and a large quantity of heroin. It is noteworthy that Defendant's motion to suppress the evidence obtained incident to his arrest was denied by the Court on April 15, 2020. ECF No. 480.

In addition, Defendant's criminal history includes two felony drug convictions and a third felony conviction related to an assault on a police officer. These facts alone are sufficient to support the conclusion that Defendant's release would likely pose a danger which can not be adequately mitigated by conditions that would reasonably assure the safety of the community. Moreover, Defendant's "additional evidence" is inadequate to rebut the statutory presumption of detention in this case. While the several letters of support from Defendant's family and friends are, no doubt, genuine and well intentioned, they simply do not address the serious criminal conduct with which he is charged, the strength of the evidence presented in support of those charges, and Defendant's significant criminal history.

Accordingly, for the reasons stated, Defendant's motion is DENIED.

SO ORDERED:

DOUGLAS E. ARPERT
U.S. MAGISTRATE JUDGE

Dated: February 8, 2021